UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LOURDES MARIE DORCE,

                            Plaintiff,

         v.

TOYOTA FINANCIAL SERVICES,

                            Defendant.

**MEMORANDUM AND ORDER**

19-CV-6008 (LDH) (RER)

---

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Lourdes Marie Dorce, proceeding pro se, brings the instant action against Defendant Toyota Motor Credit Corporation ("TMCC"), asserting claims for harassment, extortion, defamation, reporting false credit information, and discrimination.[1] Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[2]

    In 2015, Plaintiff "co-signed a car note for her son." (Compl. at 2, ECF No.1-1.) Plaintiff maintains that the loan carried a 6.8% interest rate, which she alleges is higher than other loan recipients' interest rates as a result of her ethnicity. (*Id*. at 3.) Plaintiff's first payment cleared her Chase bank account a few months after she co-signed the loan. (*Id*. at 2.) Two days after this initial payment, TMCC collected a second payment from Plaintiff's bank account. (*Id*.) When Plaintiff called TMCC to contest its collection of a second payment, TMCC suggested that

---

[1] Defendant asserts that it is incorrectly named Toyota Financial Services in this lawsuit. (Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem.") 1, ECF No. 18.)
[2] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order.

Plaintiff allow TMCC to use the second payment to cover her next month's bill. (*Id.*) At Plaintiff's request, Chase intervened and recovered the second payment from TMCC. (*Id.*)

Plaintiff's son fell behind on his December 2018 payment. (*Id.*) On January 7, 2019, Plaintiff made the December 2018 payment on her son's behalf, again through her Chase account. (*Id.*) Before Plaintiff could make the January 2019 payment, Plaintiff received a letter dated January 23, 2019, requesting payment for both December 2018 and January 2019. (*Id.*) Plaintiff made another payment from her Chase account on January 31, 2019. (*Id.*) However, TMCC refused to credit her account until March 2019. (*Id.*) By March 2019, Plaintiff made two additional payments. (*Id.*) By April 2019, Plaintiff made six payments in total. (*Id.* at 3.) Plaintiff alleges that she is current on the payments but that TMCC has nevertheless reported her delinquent and harasses her with "phone calls every 15 minutes for 12 hours per day." (*Id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient[.]" *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

Plaintiff does not identify any particular causes of action in her complaint, opting instead to state that she "seek[s] retribution for [TMCC's] harassment[,] extortion[,] defamation[,] [reporting her as delinquent to Experian every month], and [charging her 6.8% much more than the different ethnicity.]" (Compl. at 4.) Defendant offers no construction of these allegations under state or federal law in arguing for dismissal but casts the matter as a "consumer credit" action in its notice of removal.[3] (*See* ECF No. 1-3.) In any event, Defendant argues that the complaint fails to plausibly allege facts sufficient to raise a right to relief above a speculative level. (Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem.") 3, ECF No. 17.) While the Court ultimately agrees, it does so measured against the legal standards applicable to the claims generously viewed as implicated by the pleadings. Specifically, viewing the complaint through a liberal lens, the Court construes the pleadings as alleging claims pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), the Fair Credit Reporting Act (the "FCRA"), and the

---

[3] In this district, a "consumer credit" action is one "filed under the Fair Credit Reporting Act, 15 U.S.C. 1681n or 15 U.S.C. 1681o, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k." *See* EDNY Civil Nature of Suit Code Descriptions (available at https://www.uscourts.gov/sites/default/files/js_044_code_descriptions.pdf.)

Equal Credit Opportunity Act ("ECOA") as well as state law claims for defamation and extortion.

## I. FDCPA

Under the FDCPA, a debt collector may not engage in any conduct to "harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). This includes "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* § 1692(d)(5). To state a claim under the FDCPA, a plaintiff must demonstrate that: "(1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Jenkins v. Chase Bank USA, N.A.*, 14-CV-5685 (SJF) (AKT), 2015 WL 4988103, at *4 (E.D.N.Y. Aug. 19, 2015) (citing 15 U.S.C. § 1692e). Plaintiff fails to plead these elements.

Even assuming that Plaintiff is a consumer and that TMCC's alleged phone calls every 15 minutes for 12 hours a day constitutes conduct proscribed by the FDCPA, Plaintiff fails to plead that TMCC is a debt collector.

The FDCPA defines a "debt collector" as:

> [A]ny person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts . . . .

15 U.S.C. § 1692a(6). Here, Plaintiff does not allege that TMCC's principal business is the collection of debt or that TMCC attempted to collect a debt owed to an entity other than TMCC. Likewise, there is no allegation that, in seeking to collect on the debt, TMCC used a name other than its own. In fact, the only reasonable inference to be drawn from the complaint is that

4

TMCC, on its own behalf and in its own name, was collecting a debt owed to it. In other words, Plaintiffs allegations against TMCC, even if true, exceed the reach of the FDCPA, and Plaintiff's claim must be dismissed. *See Vitale v. First Fid. Leasing Grp.*, 35 F. Supp. 2d 78, 81 (D. Conn. 1998) (granting 12(b)(6) motion to dismiss where there were "no express allegations, or allegations that would tend to suggest, that [defendant] . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"), *aff'd sub nom. Vitale v. First Fid. Leasing Grp., Inc.*, 166 F.3d 1202 (2d Cir. 1998).

## II.     FCRA

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). Section 1681s–2(a)(1) of the FCRA imposes on those who furnish information to consumer credit agencies the duty to provide accurate information. *See* 15 U.S.C. § 1681s–2(a)(1); *see also Longman*, 702 F.3d at 150 ("Among [] [the duties imposed on those who furnish information to consumer reporting agencies] are duties to refrain from knowingly reporting inaccurate information[.]").

Here, Plaintiff complains that TMCC reported her as delinquent despite the fact that she was current on all payments. (Compl. at 3.) Putting aside for the moment that Plaintiff's contention is belied by her own pleadings, the claim is otherwise deficient because "there is no private cause of action for violations of § 1681s–2(a)." *Longman*, 702 F.3d at 151 (collecting cases); *see also Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 445 (2d Cir. 2015) (stating that violations of 15 U.S.C. § 1681s–2(a), including the provision that "prohibit[s] a furnisher from reporting inaccurate information to a consumer report agency," are "not enforceable by means of a federal or state cause of action for damages"). Indeed, the statute

5

expressly states that § 1681s–2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d). Accordingly, Plaintiff's FCRA claim is dismissed.

### III. ECOA

The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction[,] . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). The term "credit transaction" has been defined as "every aspect of an applicant's dealings with a creditor regarding an application for credit." *Shaumyan v. Sidetex Co.*, 900 F.2d 16, 18 (2d Cir. 1990) (citing 12 C.F.R. § 202.2(m) (1989)).

Generally, to state an ECOA claim based on disparate treatment, a plaintiff must demonstrate that: "(1) [she] was a member of a protected class, (2) [she] applied for credit from [the] defendant, (3) [she] was qualified for credit but [the] defendant denied her credit . . . and (4) [the] defendant continued to engage in the type of transaction in question with other parties with similar qualifications." *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 526 (S.D.N.Y. 2015). That said, protection under the statute is not limited to claims concerning the wholesale denial of credit. Instead, a Plaintiff can state a claim under the ECOA where she alleges that she was "discriminated against in the terms of [her] credit[,]" including the terms of loans. *In re Johnson*, No. 09-49420, 2014 WL 4197001, at *19 (Bankr. E.D.N.Y. Aug. 22, 2014) (quoting *Matthews v. New Century Mortg. Corp.*, 185 F. Supp. 2d 874, 887 (S.D. Ohio 2002)) (reviewing allegation that defendants charged higher interest rates and other fees and costs than were charged to similarly situated non-minority borrowers).

6

Here, Plaintiff maintains that her loan carried a 6.8% interest rate, which she alleges is higher than other loan recipients' as a result of her ethnicity. (*See* Compl. at 3.) However, Plaintiff fails to include a single allegation that might allow the inference that her higher interest rate was due to her ethnicity. This warrants dismissal. *See Frederick v. Capital One Bank (USA), N.A.*, 14-CV-5460 (AJN), 2015 WL 5521769, at *4 (S.D.N.Y. Sept. 17, 2015) ("Plaintiff's vague and conclusory allegations of disparate treatment thus fail to state a claim upon which relief can be granted."), *opinion amended on reconsideration sub nom. Frederick v. Capital One (USA) N.A.*, 14-CV-5460 (AJN), 2015 WL 8484560 (S.D.N.Y. Dec. 8, 2015).

## IV.   State Law Claims

Plaintiff brings claims for defamation and extortion, neither of which are cognizable. Specifically, Plaintiff seeks to hold TMCC liable for defamation based upon the allegation that TMCC incorrectly reported her as delinquent to Experian, a consumer reporting agency. (Compl. at 3.) However, where a defamation claim relates to allegations of false credit reporting, the claim is preempted by the FCRA. *See Macpherson v. J.P. Morgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011) (affirming dismissal of common law defamation claim for furnishing false financial information as preempted by the FCRA); *McGee v. WebBank, Inc.*, No. 19-cv-549 (BMC) (LB), 2019 WL 1458217 (E.D.N.Y. Apr. 2, 2019) ("Second Circuit has held that the plain language of § 1681t(b)(1)(F) preempts state statutory and common law tort claims that relate to allegations of false reporting."). Accordingly, Plaintiff's defamation claim is dismissed.

And, in New York, "extortion is [only] a criminal offense[.]" *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 401 (E.D.N.Y. 2013) (internal citation omitted). It "may not be pled as a

separate cause of action in a civil case." *Id*.  Accordingly, Plaintiff's extortion claim is dismissed.[4]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is GRANTED.  The complaint is dismissed in its entirety.  In light of Plaintiff's pro se status, Plaintiff is granted leave to file an amended complaint within thirty (30) days from the entry of this memorandum and order.  *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this memorandum and order.  Failure to file an amended complaint within thirty (30) days, as directed by this memorandum and order, will result in dismissal of Plaintiff's case for failure to prosecute.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      November 17, 2020  LaSHANN DeARCY HALL
        United States District Judge

---

[4] To the extent Plaintiff pleads a federal extortion claim, "there is no federal statute creating a private civil cause of action." *Mathon v. Feldstein*, 303 F.Supp.2d 317, 325 (E.D.N.Y. 2004) (alterations and quotation marks omitted).